IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01132-NRN

K.L.,

Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER

---

**N. Reid Neureiter**
**United States Magistrate Judge**

The government determined that Plaintiff K.L.[1] was not disabled for purposes of the Social Security Act. AR[2] 27. Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. #10.

### Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge (ALJ) to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,*

---

[1] Pursuant to D.C.COLO.LAPR 5.2, "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[2] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. Dkts. ##8, and 8-1 through 8-14.

500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes a mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). However, it must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d, 1067, 1070 (10th Cir. 2007). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

## Background

Plaintiff initially filed a Title II application for disability insurance benefits on December 13, 2019, alleging a disability onset date of December 31, 2015. AR 108, 215. The initial claim was denied on June 23, 2020, and denied again upon

reconsideration on December 31, 2020. AR 133–36, 139–44. Thereafter, Plaintiff filed a request for hearing on February 16, 2021. AR 145–46. The hearing was held on October 19, 2021 and the ALJ issued an unfavorable decision. AR 13–32.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 2–7. This appeal followed.

In her November 12, 2021 decision, the ALJ found that Plaintiff has met the insured status requirements of the Social Security Act on June 30, 2017. AR 19. Thus, the relevant time period in this case is December 31, 2015 (the alleged disability onset date) through June 30, 2017.

At the second step of the Commissioner's five-step sequence for making determinations,[3] the ALJ found that Plaintiff had the severe impairments of history of breast carcinoma status post bilateral mastectomy with chronic pain, post-traumatic stress disorder (PTSD), major depressive disorder and bipolar disorder. AR 18–19.

The ALJ found at step three that through June 30, 2017, Plaintiff did not have an impairment or combination of impairments that meets the severity of the listed impairments in the regulations. After making this finding, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform:

---

[3] The Social Security Administration ("SSA") uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through step four; the SSA has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

Light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally reach overhead and can frequently push and/or pull with the bilateral upper extremities. The claimant can perform work that needs little or no judgment to do simple duties that can be learned on the job in a short period of time of up to 30 days and has a reasoning level of no higher than two. The claimant can sustain ordinary routines, understand, carry out and remember simple instructions and use judgment in making simple work-related decisions. The claimant can attend and concentrate for two-hour periods totaling a normal eight-hour workday with usual work breaks. The claimant can maintain persistence and pace. The claimant can respond appropriately to supervision, co-workers, and usual work situations. The claimant can tolerate occasional interaction with co-workers but should not have to engage in any teamwork or collaboration with them. The claimant can tolerate brief, meaning lasting no more than 10 minutes at one time, interaction with the general public for up to 10% of an average workday. The claimant must avoid work environments with public crowds such as restaurants, theaters and retail stores. The claimant can adapt to occasional changes in work duties and tasks.

AR 21.

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a fence erector. AR 26. But the ALJ then found at step five that, in light of Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Accordingly, Plaintiff was deemed not to have been under a disability from December 31, 2015 through June 30, 2017, the date last insured. AR 27.

## Analysis

On appeal, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the ALJ crafted the RFC out of whole cloth, erroneously analyzed opinion evidence, and failed to develop the record.

For the reasons set forth below, the Court disagrees.

**I. The ALJ properly evaluated medical opinions.**

Effective March 27, 2017, the regulations governing the procedures and standards for evaluating evidence, including medical source opinions and prior administrative medical findings, changed. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Because Plaintiff initially filed her claim in 2019, the ALJ applied the revised regulations.

Under the new regulations set forth in 20 C.F.R. §§ 404.1520c and 416.920c, the Commissioner is to consider the persuasiveness of each medical source's opinions using five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (which encompasses the length of treatment relationship, frequency of examinations; purpose and extent of treatment relationship, and examining relationship); (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The most important factors in evaluating persuasiveness are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). For supportability, "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, 1:20-cv-00261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). Consistency, on the other hand, "is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id*. (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)). The ALJ must explain his approach with respect to these factors when

considering a medical opinion, but he is not required to expound on the remaining three unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(2)–(3), 416.920c(b)(2)–(3).

Plaintiff argues, in part, that the ALJ's RFC is unsupported because the ALJ erroneously evaluated the medical opinion of Chelsea Olson, FNP-C. FNP-C Olson opined that Plaintiff could sit for thirty-minute periods in a four-hour workday and is limited to lifting and carrying fifteen pounds due to decreased musculature in the pectoral area. AR 309. The ALJ found this unpersuasive:

> This opinion was based in part on the claimant's 2018 broken ankle and with all of the findings occurring almost a year after the claimant's date last insured. However, these limitations are still inconsistent with the objective findings on exam reflecting normal strength, normal range of motion, normal reflexes, an ability to sit and stand without difficulty and a normal ability to squat, despite some indications of back tenderness and a gait that was affected by her walking boot. It is also generally inconsistent with treatment notes from the period at issue that noted some abdominal tenderness, mastectomy scar tenderness with chronic pain, mild nausea and vertigo, but with generally normal range of motion, no edema, normal motor function, normal sensation and a normal gait.

AR 23–24.

Plaintiff complains that the ALJ rejected the opinion because it was based on Plaintiff's broken ankle and the findings occurred almost a year after Plaintiff's last insured date. But the ALJ did not reject the opinion solely for these reasons. Instead, the ALJ analyzed what FNP-C Olson used to support her decision. The ALJ noted that FNP-C Olson's own examination findings were mostly normal and did not support the limitations on sitting. Indeed, with respect to the physical examination of Plaintiff's back, FNP-C Olson found normal range of motion of lumbar and cervical spine, normal

strength, and normal gait. AR 306. The exam also noted that Plaintiff was able, without
difficulty, to get on and off the exam table and to squat and rise. Though the
examination of Plaintiff's back noted some tenderness of the paraspinal muscles during
deep or superficial palpation (AR 306) and stated that Plaintiff is limited in carrying and
lifting 15lb objects due to decreased musculature (AR 309), the ALJ could reasonably
find that the normal findings, overall, do not support the sitting, standing, and lifting
restrictions that FNP-Olson provided.

Plaintiff also argues that the ALJ mischaracterized the record when evaluating
the consistency of FNP-C Olson's opinion with other evidence in the record, and thus
failed to provide a proper consistency analysis. Plaintiff argues that the string citation
provided by the ALJ mischaracterizes the evidence. The Court disagrees.

The Court has reviewed each of the records cited by the ALJ (*see* AR 350, 358,
372, 391, 419, 457, 459, 472, 459, 520, 524, 530, 532, 536, 540, 544, 567, 570, 777–
783, 983) and agrees with the Commissioner that the ALJ did not mischaracterize the
evidence. As represented, these citations showed some "abdominal tenderness,
mastectomy scar tenderness with chronic pain, mild nausea and vertigo," as well as
"generally normal range of motion, no edema, normal motor function, normal sensation
and a normal gait." Because every citation is accurate and supports the ALJ's
consistency evaluation, the Court will not disturb the ALJ's findings with respect to the
persuasiveness of FNP-C Olsen's medical opinion.

## II. The RFC is supported by substantial evidence.

Plaintiff also argues that the ALJ developed the physical RFC from "whole cloth"
because the ALJ did not find any on any medical opinions dealing with Plaintiff's

physical functioning persuasive. Notably, Plaintiff does not challenge the rejection of the state consultants' opinions as unpersuasive. *See generally* Dkt. #9. Instead, Plaintiff suggests that since the ALJ found every medical opinion unpersuasive, any RFC she developed necessarily required her to "play doctor" and substitute her own lay opinion for a medical opinion.

However, the regulations do not require that an ALJ adopt any particular medical opinion in order to formulate an RFC. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."). Instead, it is the ALJ's task, as the finder of fact, to weigh the evidence and come to a conclusion. *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."). The question on review is whether the ALJ's conclusion is supported by substantial evidence.

Moreover, under the new regulations, the ALJ no longer "defer[s] or give[s] any specific evidentiary weight . . . to any medical opinion(s) . . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). It is the ALJ's prerogative to weigh the medical evidence before him. *Guillar v. Comm'r,* 845 F. App'x 715, 719 (10th Cir. 2021). So long as the RFC is supported by more than a scintilla of evidence, it will not be disturbed.

Here, though the ALJ rejected the state consultants' and FNP-C Olson's medical opinions, she assessed the medical evidence and found that, despite Plaintiff's conditions, she could still perform a limited range of light work. In making this determination, the ALJ discussed persuasiveness and consistency of the medical

opinions on record and compared them to other evidence. The ALJ observed that treatment notes indicated significant activity, such as attending the gym from April 2016 to February 2017, helping to load and unload semi-trucks on two occasions in 2016, and horseback riding in March and May 2016 (including, apparently, a 50-mile horseback ride (AR 24)). Further, the ALJ did not ignore contrary evidence. She acknowledged the abnormal findings and incorporated limitations into the RFC. For example, the ALJ accounted for the mastectomy scar tenderness by limiting Plaintiff to less than light exertion work and to positions that required only occasional reaching overhead with bilateral upper extremities and frequent pushing and/or pulling.

Such analysis is permitted by Tenth Circuit authority and the ALJ's conclusion is supported by substantial evidence.

### III. The ALJ did not have a duty to further develop the record in this case.

Finally, Plaintiff argues that the ALJ was required to further develop the record with regard to her functional limitations. However, Plaintiff does not specify what additional evidence was required or what additional development would be useful. *See generally* Dkt. #9. And, as the Commissioner notes, "Plaintiff does not suggest there are any additional probative medical records for this period [December 2015 – June 2017] that were not obtained, and Plaintiff fails to explain how another consultative examination in 2021, much less 2023, . . . [could] provide probative evidence as to Plaintiff's functional abilities in 2015-17."

20 C.F.R. § 416.920b(b) makes clear that an ALJ is not required to develop the record in every circumstance. Rather, the regulation explains that an

ALJ may further develop the record if the evidence submitted "is insufficient or inconsistent" and the ALJ is not able to make a determination or decision because of the insufficient or inconsistent evidence. An ALJ must "fully and fairly develop[ ] the record as to material issues," but "does not have to exhaust every possible line of inquiry." *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997) (internal quotations and citation omitted). "The standard is one of reasonable good judgment." *Id*. Further, Plaintiff bears the burden of establishing a prima facie case of disability at step four, and she was represented by counsel at the administrative hearing. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *Cowan v. Astrue*, 552 F.3d 1182, 1188 (10th Cir. 2008) ("[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored.") (internal quotations and citation omitted).

The ALJ discussed the medical and testimonial evidence when fashioning the RFC. She did not err by failing to order further examination.

That a reasonable mind may have reached a different conclusion is irrelevant. Ultimately, even if a more restrictive RFC determination might have been supportable on this record, the ALJ's finding is still supported by substantial evidence and the Court will not disturb those findings. *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.") (citation and internal quotation marks omitted); *Abdelmeged v. Colvin*, 2015 WL 5047645, at *6 (D. Colo. Aug. 26,

2015) ("The mere fact that there may be two permissible views of the evidence . . . is not indicative that the ALJ's choice between them was in error.") (citations omitted).

## <u>Conclusion</u>

For the reasons set forth above, the Commissioner's decision is **AFFIRMED.** Plaintiff's Complaint (Dkt. #1) is **DISMISSED**.

Dated this 12th day of April, 2023

BY THE COURT:

_____

N. Reid Neureiter
United States Magistrate Judge